UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BLST Northstar, LLC and<br>BLST Receivables and Servicing, LLC,<br><br>    Plaintiffs,<br>v.<br><br>Santander Consumer USA, Inc,<br><br>    Defendant. | Civ. No. 22-2210 (WMW/DJF)<br><br><br>**ORDER** |

The Court is in receipt of BLST Northstar, LLC and BLST Receivables and Servicing, LLC's (together, "Plaintiffs") Meet and Confer Statement (ECF No. 20) filed pursuant to the Court's September 13, 2022 Order (ECF No. 16).

Plaintiffs filed a Complaint under seal on September 9, 2022 (ECF No. 1), along with a public redacted copy of the Complaint (ECF No. 2). Plaintiffs simultaneously filed a Motion to Seal the Complaint (ECF No. 6 ("Motion")) and supporting memorandum (ECF No. 8 ("Memorandum")). The Court considered Plaintiffs' Motion but observed that the record did not reflect that Plaintiffs had met and conferred with Defendant Santander Consumer USA, Inc. ("Defendant"), as required by Local Rule 7.1(a). (ECF No. 16.) To allow time for Plaintiffs to comply with the meet and confer requirement, the Court temporarily granted Plaintiffs' Motion to Seal the Complaint for a period of fourteen (14) days. (*Id.*)

Plaintiffs timely filed a Meet and Confer Statement on September 27, 2022. (ECF No. 20.) Plaintiffs represent that they conferred with counsel for Defendant by telephone regarding Plaintiffs' Motion and that Defendants take no position on the Motion. (*Id.* at 2.) Plaintiffs further represent that the contract terms at issue, which they have redacted from the publicly filed

Complaint (ECF No. 2), are subject to confidentiality provisions prohibiting their disclosure, and that the duty of confidentiality is owed not only to the parties, but also to a third contracting entity that is not a party to this action. (ECF No. 20 at 2.) Plaintiffs request that the unredacted Complaint remain under seal for these reasons. (*Id.* at 3.)

A court will seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the parties' legitimate interests in maintaining the confidentiality of the information sought to be sealed. *Id.* at 1123.

For purposes of this Motion the Court accepts Plaintiffs' representations as true. Moreover, the Court has compared the sealed Complaint (ECF No. 1) against the redacted Complaint (ECF No. 2) and finds the redactions are sufficiently limited in scope. The Court therefore finds that the need for confidentiality outweighs the public's interest in accessing the redacted information. Accordingly, the unredacted version of the Complaint (ECF No. 1) shall remain under seal.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Seal (ECF No. [6]) is **GRANTED**; and

2. The Court directs the Clerk to keep the Complaint (ECF No. [1]) sealed.

Dated: September 28, 2022            /s/ Dulce J. Foster
                                     DULCE J. FOSTER
                                     United States Magistrate Judge