UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BLST Northstar, LLC and<br>BLST Receivable and Servicing,<br>LLC,<br><br>             Plaintiffs,<br>v.<br><br>Santander Consumer USA, Inc,<br><br>             Defendant. | Case No. 22-cv-2210 (WMW/DJF)<br><br><br>ORDER |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 70) filed in connection with their joint Stipulation of Consent for Plaintiffs to File Amended Complaint ("Joint Stipulation") (ECF No. 63). The parties filed under seal two exhibits underlying the Joint Stipulation (ECF Nos. 64, 64-1). Upon the Court's approval of the Joint Stipulation, Plaintiffs filed their amended complaint under seal. (ECF No. 68.) The parties also filed publicly filed a redacted version of each document. (ECF Nos. 65, 65-1, 69.) Plaintiffs request that all documents filed under seal and the related redactions should remain sealed because they contain contract terms subject to confidentiality provisions prohibiting their disclosure, and that the duty of confidentiality is owed not only to the parties, but also to a third contracting entity that is not a party to this action. (ECF No. 63.) Defendant takes no position on continued sealing. (*Id.*) The Court previously granted the parties' request to seal their original complaint for similar reasons presented here. (ECF No. 22)

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns,*

*Inc.,* 435 U.S. 589, 597 (1978)).  Notwithstanding, the right of access is not absolute and requires the Court to balance the competing interests of public access against the legitimate interests of maintaining confidentiality of the information sought to be sealed.  *Id.* at 1123.  "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d. Cir. 1995).

The parties filed the documents at issue in connection with their Stipulation of Consent for Plaintiffs to File Amended Complaint (ECF No. 63).  Having reviewed each document, the Court concludes that the exhibits underlying the parties' Joint Stipulation (ECF Nos. 64, 64-1) are unlikely to play a role in the District Judge's exercise of Article III judicial power.  For these documents, the Court therefore exercises the traditional authority granted to U.S. Magistrate Judges to decide pretrial, non-dispositive matters in managing the Court's docket. The presumption of public access related to this analysis is not entitled to the same weight that an exercise of Article III judicial power would be given, but rather, that given to non-merits-based motions.  *Willis v. Elect. Co., Ltd*. 2019 WL at *1.  The Court finds that each exhibit contains contract terms subject to confidentiality provisions prohibiting their disclosure that the parties and a third party have legitimate interests in protecting.  The Court therefore concludes each exhibit (ECF No. 64, 64-1) should remain under seal.

While Plaintiffs' amended complaint (ECF No. 68) may ultimately play a role in the District Judge's exercise of Article III judicial power, the Court finds good cause to grant the parties' motion in this instance.  Having carefully reviewed the sealed portions of the amended complaint, the Court finds it also contains contract terms subject to confidentiality provisions

prohibiting their disclosure.  The Court has compared the sealed amended complaint (ECF No. 68) against the redacted amended complaint (ECF No. 69) and finds the redactions are sufficiently limited in scope.  The Court thus concludes that the parties' and a third party's legitimate interests in maintaining confidentiality as to this document outweighs any public interest in unsealing it.  *See Tile Shop Holdings, Inc. v. Allied World Nat'l Assurance Co.*, Civ. No. 17-776 (ADM/TNL), 2019 WL 2136146, at *1 (D. Minn. May 16, 2019) ("The Court believes that it is proper to seal documents that Plaintiff has identified as containing confidentiality clauses.").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. [70]) is **GRANTED**.  The Clerk is directed to keep ECF Nos. [64], [64-1], and [68] under seal.

Dated:  November 20, 2023               *s/ Dulce J. Foster*
                                         DULCE J. FOSTER
                                         United States Magistrate Judge