UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BLST Northstar, LLC and BLST Receivable and Servicing, LLC, | Case No. 22-cv-2210 (PAM/DJF) |
| Plaintiffs, | **ORDER** |
| v. | |
| Santander Consumer USA, Inc, | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 167) filed in connection with Defendant's: (1) Motion for Summary Judgment ("SJ Motion") (ECF No. 101); (2) Motion to Exclude the Testimony of Jay Guskind ("Guskind Motion") (ECF No. 118); and (3) Motion to Exclude the Testimony of Allen Ferrell ("Ferrell Motion") (ECF No. 128).

**I.      SJ Motion**

The parties filed their briefs related to the SJ Motion under seal (ECF Nos. 109, 137, 150), and also publicly filed a redacted version of each document (ECF No. 110, 149, 151). The parties also filed numerous related exhibits under seal (ECF Nos. 112 to 112-6, 115 to 115-20, 138, 145 to 145-13, and 147 to 147-54). The parties publicly filed redacted versions of the exhibits when appropriate (ECF Nos. 165 to165-2), but otherwise filed statements indicating that redaction was impracticable (ECF Nos. 113, 116, 139, 148). The parties agree that the documents filed at ECF Nos. 112-2, 112-6, 115-16, 115-18, 115-19, 115-20, 145-3, 145-10, 147-28, and 147-53 can all be unsealed. (ECF No. 167 at 6, 8, 18-20, 23, 27, 46, 60.)

The parties request that their sealed briefs filed at ECF Nos. 109, 137, 150, and the documents filed at ECF Nos. 112-1, 112-3, 112-4, 112-5, 115-9, 115-10, 115-11, 115-12, 115-13, 115-15, 115-17, 145-12, 147, 147-3, 147-4, 147-5, 147-10, 147-11, 147-12, 147-15, 147-17, 147-20, 147-21, 147-22, 147-24, 147-25, 147-39, 147-41, 147-42, 147-50, and related redactions, remain sealed because they contain contract terms subject to confidentiality provisions prohibiting their disclosure, and that the duty of confidentiality is owed not only to the parties, but also to a third contracting entity that is not a party to this action. (ECF No. 167 at 1-4, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 21, 25, 26, 28, 29, 31, 32, 35, 36, 38, 40, 42, 43, 44, 45, 52, 53, 54, 59.) The Court previously granted the parties' requests to seal documents for reasons similar to those presented here. (*See* ECF nos. 22, 71.)

The parties also request that the documents filed at ECF Nos. 112, 115-3, 115-4, 115-5, 138, 145-1, 145-4, 145-5, 145-6, 145-8, 145-11, 145-13, 147, 147-1, 147-2, 147-3, 147-6, 147-7, 147-9, 147-10, 147-13, 147-14, 147-15, 147-16, 147-17, 147-18, 147-19, 147-22, 147-23, 147-26, 147-27, 147-29, 147-30, 147-31, 147-32, 147-33, 147-34, 147-35, 147-36, 147-37, 147-38, 147-40, 147-44, 147-45, 147-46, 147-47, 147-48, 147-49, 147-50, 147-51, 147-52, and related redactions, remain sealed because they contain confidential business information or agreements of which disclosure could cause either the parties or third parties to suffer a competitive disadvantage. (ECF No. 167 at 5, 9, 11, 12, 13, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 33, 34, 35, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60.)

The parties further request that the documents filed at ECF Nos. 115, 115-1, 115-2, 115-6, 115-7, 115-8, 115-14, 145, 145-2, 145-7, 145-9, and 147-8, remain sealed because they contain confidentiality provisions that implicate contractual duties of confidentiality owed to one another

2

and to third parties. (ECF No. 167 at 13, 14, 17, 22, 34, 54.) The Court previously granted the parties' requests to seal documents for similar reasons. (*See* ECF Nos. 22, 71.)

### II.     Guskind Motion

The parties filed their briefs related to the Guskind Motion under seal (ECF Nos. 120, 140, 157), and also publicly filed a redacted version of each document (ECF No. 121, 141, 158). Defendant also filed numerous related exhibits under seal (ECF Nos. 123 to 123-5), and a statement that redaction was impracticable (ECF No. 124).

The parties request that their sealed briefs filed at ECF Nos. 120, 140, 147, and related redactions, and the documents filed at ECF Nos. 123 and 123-5, remain sealed because they contain contract terms subject to confidentiality provisions prohibiting their disclosure, and that the duty of confidentiality is owed not only to the parties, but also to a third contracting entity that is not a party to this action. (ECF No. 167 at 61-64, 66.) They ask that the documents filed at ECF Nos. 123-1, 123-2, 123-3, and 123-4 remain sealed because they are the same as exhibits already cited above and because they contain information the Court already determined was appropriate for sealing, such as confidentiality provisions that apply to both to the parties and third parties. (ECF No. 167 at 64-65.)

### III.    Ferrell Motion

The parties filed their briefs related to the Ferrell Motion under seal (ECF Nos. 130, 142, 152), and also publicly filed a redacted version of each document (ECF No. 131, 143, 153). Defendant also filed several related exhibits under seal (ECF Nos. 133 to 133-6, 155), and statements that redaction was impracticable (ECF No. 134, 156). The parties agree that the document filed at ECF No. 133-1 can be unsealed. They request, though, that their sealed briefs filed at ECF Nos. 130, 142, 152, and related redactions, remain sealed because they contain

3

contract terms subject to confidentiality provisions prohibiting their disclosure, and that the duty of confidentiality is owed not only to the parties, but also to a third contracting entity that is not a party to this action. (ECF No. 167 at 67-69.) The parties further request that the documents filed at ECF Nos. 133, 133-2, and 155 remain sealed because they contain confidential business information or agreements of which disclosure could cause Plaintiffs to suffer a competitive disadvantage. (ECF No. 167 at 70-1, 73.) They also ask that the documents filed at ECF Nos. 133-4, 133-5, and 133-6 remain sealed because they are the same as exhibits already cited above and because they contain information the Court already determined was appropriate for sealing such as confidentiality provisions that apply to both to the parties and third parties. (ECF No. 167 at 71-72.)

### IV.   Legal Standard

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

V.     **Analysis**

All of the documents at issue are connected to dispositive motions, and therefore, are likely to play a role in District Judge Magnuson's decisions on the underlying motions. The documents thus likely implicate the the exercise of Article III power and are of value to those monitoring the federal courts, such that the presumption for public access may be overcome only if the parties provide a compelling reason to keep them sealed. *Flynt*, 885 F.3d at 511.

Having reviewed the sealed documents, the Court finds that each contains sensitive or propriety business information that is competitively sensitive or contractually subject to nondisclosure such that the parties' and one or more third party's legitimate interests in maintaining confidentiality outweighs any public interest in unsealing the documents. *See Tile Shop Holdings, Inc. v. Allied World Nat'l Assurance Co.*, Civ. No. 17-776 (ADM/TNL), 2019 WL 2136146, at *1 (D. Minn. May 16, 2019) ("The Court believes that it is proper to seal documents that Plaintiff has identified as containing confidentiality clauses."); *see also Mayo Found. for Medical Educ. and Research v. Knowledge to Practice, Inc.*, Civ. No. 21-1039 (SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when

5

documents "contain[ed] proprietary information not publicly available that is competitively sensitive and central to [parties'] business"). The Court therefore grants the parties' request that these documents remain under seal.

The Court has also reviewed the documents the parties agree should be unsealed. Based on that review, and in light of the parties' agreement, the Court finds that unsealing them is appropriate. *Flynt*, 885 F.3d at 511

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. [70]) is **GRANTED** as follows:

1. The Clerk is directed to keep under seal the documents filed at ECF Nos. 109, 120, 130, 137, 140, 142, 150, 152, 157, 112, 112-1, 112-3, 112-4, 112-5, 115, 115-1, 115-2, 115-3, 115-4, 115-5, 115-6, 115-7, 115-8, 115-9, 115-10, 115-11, 115-12, 115-13, 115-14, 115-15, 115-17, 123, 123-1, 123-2, 123-3, 123-4, 123-5, 133, 133-2, 133-3, 133-4, 133-5, 133-6, 138, 145, 145-1, 145-2, 145-4, 145-5, 145-6, 145-7, 145-8, 145-9, 145-11, 145-12, 145-13, 147, 147-1, 147-2, 147-3, 147-4, 147-5, 147-6, 147-7, 147-8, 147-9, 147-10, 147-11, 147-12, 147-13, 147-14, 147-15, 147-16, 147-17, 147-18, 147-19, 147-20, 147-21, 147-22, 147-23, 147-24, 147-25, 147-26, 147-27, 147-29, 147-30, 147-31, 147-32, 147-33, 147-34, 147-35, 147-36, 147-37, 147-38, 147-39, 147-40,

147-41, 147-42, 147-43, 147-44, 147-45, 147-46, 147-47, 147-48, 147-49, 147-50, 147-51, 147-52, and 155.

2. The Clerk is directed to unseal the documents filed at ECF Nos. 112-2, 112-6, 115-16, 115-18, 115-19, 115-20, 133-1, 145-3, 145-10, 147-28, and 147-53.

Dated:  November 15, 2024              *s/ Dulce J. Foster*
                                       DULCE J. FOSTER
                                       United States Magistrate Judge